IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MANUEL SAAVEDRA | § | |
|     TDCJ-CID #686308 | § | |
| v. | § | C.A. NO. C-12-103 |
| | § | |
| LORIE L. DAVIS, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). He is currently incarcerated at the McConnell Unit in Beeville, Texas. For the reasons stated herein, it is respectfully recommended that the Court dismiss plaintiff's action for failure to prosecute his claims.

### I. BACKGROUND

On April 23, 2012, an evidentiary hearing was held regarding plaintiff's claims. A memorandum and recommendation was issued recommending that all of his claims be dismissed except for his claim against Major Castro. (D.E. 10). On August 9, 2012, the Court adopted this recommendation. (D.E. 13).

On August 9, 2012, an order was issued requiring plaintiff to file an amended complaint regarding any claims against Major Barber. (D.E. 14). It informed him that he had twenty days to file this amended complaint. Id. Moreover, he was notified that any claims against Major Barber could be waived for failing to comply with the notice. Id.

On August 30, 2012, an order to show cause as to why plaintiff's action should not be dismissed was issued. (D.E. 17). He was ordered to file a response within twenty days. Id. at 1.

## II. DISCUSSION

An action may be dismissed if the plaintiff fails to prosecute it, or to comply with any court order.  Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte dismiss a cause of action for failure to prosecute).  "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'"  Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988)).

Plaintiff has failed to comply with this Court's orders.  He has not filed an amended complaint.  Moreover, he did not respond to the order to show cause.  Accordingly, it is respectfully recommended that the Court dismiss his action for failure to prosecute his claims.

## III. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court dismiss plaintiff's civil rights action for failure to prosecute.

Respectfully submitted this 22nd day of October 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).